UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RAPTOR, LLC, a Florida limited liability company,

    Plaintiff,

v.

JOHNSON BROS. CORPORATION, A SOUTHLAND COMPANY, a Texas corporation, QUALIS CONCRETE LLC, a Florida limited liability company, and DAVID SANTIAGO ZULETA, an individual.

    Defendants.

_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

The Plaintiff, Raptor, LLC, ("Raptor"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 7, hereby sues Defendants, Johnson Bros. Corporation, a Southland Company ("Johnson Bros."), and Qualis Concrete LLC ("Qualis Concrete"; together with Johnson Bros., "Defendants"), and states:

**Nature of the Action**

1.    This action arises under the patent laws of the United States, Title 35 of the United States Code.

2.    Raptor brings this lawsuit against the Defendants for willful patent infringement of U.S. Patent No. 8,920,068 titled "Process for Slip Forming Reinforced Bridge Coping with Exposed Rebars" (the "'068 Patent") and U.S. Patent No. 8,956,075, titled "Tunnel Mold,

1

System and Method for Slip Forming Reinforced Concrete Structures with Exposed Rebars" (the '"075 Patent"; together with the '068 Patent, the "Raptor Patents"). The '068 Patent and the '075 Patents are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338 because it is a civil action arising under the Patent Act of 1952, as amended by the Leahy-Smith America Invents Act (AIA) of 2011, and 28 U.S.C. §1331 (federal question).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), 1391(c), and 1400 because a substantial part of the events giving rise to this claim occurred in this district and Defendants are subject to the Court's personal jurisdiction with respect this action. Additionally, Defendants have committed acts of patent infringement in this District, have an office in this District and regularly conduct business in this District.

## Parties

5. Raptor is a Florida limited liability company with its principal address at 8895 N. Military Trail, B301, West Palm Beach, Florida 33410.

6. Johnson Bros. is a Texas corporation registered to do business in Florida, with a registered agent located in Plantation, Florida, and headquartered at 5517 Hansel Ave, Orlando, Florida 32809. Johnson Bros. has an office in this District at 8057 Lake Worth Road, Lake Worth, Florida 333467 and regularly conducts business in this District.

7. Qualis Concrete is a Florida limited liability company with a principal place of business at 260 Maitland Ave., Suite 1000, Altamonte Springs, Florida 32701. Qualis Concrete works as the subcontractor on the site where infringement is ongoing with Johnson Bros. at 8057 Lake Worth Road, Lake Worth, Florida 333467 and regularly conducts business in this District.

8. David Santiago Zuleta ("Mr. Zuleta") is a resident of this State, having a Certified General Contractor license number CGC1530041, as himself and doing business as Qualis Concrete. Mr. Zuleta is listed as the Manager of Qualis Concrete at the same address on Sunbiz. Upon information and belief, Mr. Zuleta is the owner of Qualis Concrete.

## Background Facts

9. Raptor is the owner of patented technology used for the fabrication of concrete structures for highway and bridge construction.

10. Raptor is the owner of the Raptor Patents as defined herein. Raptor also owns U.S. Patent No. 9,435,085, titled "System and Method for Slip Forming Monolithic Reinforced Composite Concrete Structures Having Multiple Functionally Discrete Components" (the "'085 Patent"). The '085 Patent is attached hereto as **Exhibit 3**.

11. The claims in the Raptor Patents cover molds and specific systems and methods for slip forming concrete structures in the construction of roads.

12. At all times material hereto, Raptor has and continues to provide notice to the industry, including the Defendants, of the patents owned by Raptor.

13. Raptor's authorized licensees prominently mark their molds with the United States Patent Numbers of the patents owned by Raptor.

14. The fabrication of slip formed concrete structures, with exposed rebars, on State highway construction projects, in the State of Florida, is governed by Florida Department of Transportation (FDOT) standards and engineering specifications.

15. The methods and devices in the Raptor Patents meet such standards and engineering specifications.

16. On September 16, 2016, Raptor entered into a license agreement with Concrete Services LLC, a Florida limited liability company ("Concrete Services"), in which Raptor granted Concrete Services a license to use the patented technology covered by the Raptor Patents.

17. On March 22, 2022, Traffic Management Solutions, LLC, a Florida limited liability company ("TMS"), acquired Raptor and Concrete Services.

18. Accordingly, TMS, by virtue of its ownership of Raptor and Concrete Services, is an authorized licensee to use the patented technology covered by the Raptor Patents.

19. In 2019, Johnson Bros. requested proposals from subcontractors to bid a project to widen the Florida Turnpike from four (4) and six (6) lanes to eight (8) lanes from north of Boynton Beach Boulevard to north of Lake Worth Road, in this District under Contract No. E8Q79 (the "Turnpike Project").

20. The specifications identified during the bidding process for the Turnpike Project did not include the technologies covered under the patents owned by Raptor.

21. On June 30, 2020, Johnson Bros., as Contractor, awarded the job to Concrete Services, as Subcontractor, and entered into a Subcontract Agreement in connection with the Turnpike Project (the "Subcontract Agreement").

22. The Subcontract Agreement is devoid of any provision whereby Raptor granted Johnson Bros. a license to use the technology in the patents owned by Raptor.

23. The Subcontract Agreement is devoid of any provision that permitted Johnson Bros. to use directly, or through another subcontractor, the technology in the patents owned by Raptor after termination of the Subcontract Agreement.

24. The Subcontract Agreement is devoid of any release of liability relating to the use of the technology in the patents owned by Raptor.

25. The Subcontract Agreement is devoid of any provision relating to the patents owned by Raptor.

26. A dispute arose under the Subcontract Agreement between the parties because Johnson Bros. failed to make payment for services delivered by Concrete Services for a period of approximately 7 months without a single payment to Concrete Services.

27. Concrete Services terminated the Subcontract Agreement on or about July 19, 2024.

28. The parties to the Subcontract Agreement are currently in arbitration relating to those claims that arose under the Subcontract Agreement in the case styled *Johnson Bros. Corp., a Southland Co. v. Concrete Services LLC*, American Arbitration Association, Case No. 01-25-0001-4147.

29. Thereafter, Qualis Concrete became the subcontractor working under the direction of Johnson Bros. as the Contractor on the Turnpike Project.

30. On or about January 27, 2026, Raptor discovered that Qualis Concrete, without authorization, used the technology in the Raptor Patents to continue construction of the Turnpike Project after Raptor terminated the Subcontract Agreement.

31. By way of example, and without limitation, Qualis Concrete infringed and continues to infringe at least independent claim 1 of the '068 Patent because it practices each and every step of the claimed process as explained in the claim chart below:

| Claim Limitation | Infringing Steps |
|---|---|
| 1. In a process for forming concrete structural components for road and bridge construction, wherein the resultant concrete structural components have exposed rebars for the later integration with additional concrete and/or mechanical structural elements, said additional concrete and/or mechanical structural elements selected from the group consisting essentially of sound walls, barricades, guard rails and any combination thereof wherein the improvement comprises: | As seen in the photograph below, Qualis Concrete utilizes a process for forming concrete structural components for road construction wherein the resultant concrete structural components have exposed rebars for the later integration with additional concrete and/or mechanical structural elements.<br> |
| A. Providing an iron work array wherein said iron work array comprises both (1) rebars for embedding within, and reinforcing, a first concrete highway structure and (2) rebars for extending from within said first concrete highway structure, for integration within and reinforcing a second concrete highway structure, to be formed at a later time; | As shown above and below, this claim limitation is present. Some rebars are embedded within the concrete highway structure, and after slip forming, there remains rebars extending upward for integration into a second concrete structure. See below:<br><br>The rebar in the above-image is embedded in a concrete structure below as well. |
| B. Providing a machine assembly having a tunnel mold comprising a mold cavity defined by a plurality of molding surfaces for forming said first concrete structure having both embedded and exposed rebars, wherein said tunnel mold has a leading or forward molding surface, a trailing or rear molding surface, and at least one elongate channel, through said mold cavity, extending from said leading or forward molding surface to said trailing or rear molding surface of said tunnel mold, said elongate channel being of a sufficient height | In both images above, the machine assembly includes a tunnel mold having a mold cavity defined by a plurality of moldings surfaces for forming the concrete structure.<br>The tunnel mold includes a leading or forward molding surface shown on the right, above. It also has a trailing or rear molding surface (shown at the left end of the apparatus above). The tunnel mold includes an elongate channel to accommodate the passage of the rebars (also shown below): |

6

| Claim Limitation | Infringing Steps |
|---|---|
| to accommodate passage of said extending rebars, through said mold cavity, from said leading or forward molding surface to said trailing or rear molding Surface of said tunnel mold; |  |
| C. Slip forming said first concrete structure by<br>a. Placing said machine assembly, equipped with said tunnel mold, in slip forming relation to said iron work array; and<br>b. Introducing concrete into said machine assembly for transfer into said tunnel mold assembly, while continuously moving machine assembly, equipped with said tunnel mold, over said iron work array, to slip form a first concrete structure with both rebars embedded in first concrete structure, and concrete free rebars, which extend from said iron work array embedded in said slip formed concrete structure. | The photo above shows Defendant Qualis' employees slip forming the concrete structure by placing the machine assembly that includes the tunnel mold, in slip forming relation to the iron work array. Concrete was added into the machine through the opening at the top of the mold that then filled the tunnel mold, leaving behind a concrete rail with rebar embedded in the concrete and concrete-free rebars above the rail. |

32. Another example, without limitation, of Qualis Concrete's continuing infringement as subcontractor in the Turnpike Project appears to be the use of the mold and method in at least independent claim 15 of the '075 Patent, as shown in the claim chart below:

7

| Claim 15 | Picture of Tunnel Mold Taken At Site |
|---|---|
| 15. A tunnel mold, comprising:<br><br>A mold housing including<br><br>    1) A hopper, a mold cavity and one or more channels,<br>        i. Said hopper comprising a means for receiving concrete and directing flow of said concrete into said mold cavity,<br>        ii. Said mold cavity defining a shape of concrete structure to be formed on an iron work array, and<br>        iii. At least one tunnel comprising an elongate channel extending through said housing, from front to back of said housing, and into and above said mold cavity,<br>            each of said tunnel being defined by a pair of lateral side walls, an open bottom end thereof in communication said mold cavity, and a pair of fins from said open bottom end of each of said lateral side walls of each of said tunnel, which extends from each of said lateral side wall of said channel into said mold cavity; and<br>    2) Means for supporting said mold housing on a slip mold transporter. |  |

33. On February 5, 2026, the undersigned counsel, on behalf of Raptor, sent a cease-and-desist letter to Defendants demanding that the Defendants cease from further use of the inventions in the Raptor Patents and attaching the patents owned by Raptor. The cease-and-desist letter without the attachments is attached hereto as **Exhibit 4**.

8

34. The cease-and-desist letter provided actual notice of the Raptor Patents and described how Defendants' use of the molds and methods infringed the Raptor Patents and at least independent claim 1 of the '068 Patent.

35. Defendants ignored Raptor's demand and refused to cease-and-desist from using the molds and methods that infringed at least independent claim 1 of the '068 Patent of the Raptor Patents.

36. After receiving the cease-and-desist letter, Johnson Bros., as the Contractor continues to communicate with and direct Qualis Concrete, as its subcontractor, to perform the methods and use the technology covered in the Raptor Patents.

37. Likewise, after receiving the cease-and-desist letter, Mr. Zuleta continues to communicate with and direct Qualis Concrete, as the subcontractor, to perform the methods and use the technology covered in the Raptor Patents. Mr. Zuleta is a acting, moving force behind Qualis Concrete, and the person responsible for directing the patent infringing activity of the company.

38. On February 12, 2026, the Florida Department of Transportation held Progress Meeting #295 regarding the status of the Turnpike Project.

39. During Progress Meeting #295 the cease-and-desist demand was discussed by Defendants.

40. Paragraph 25 of the Meeting Minutes of Progress Meeting #295 reflects that: "JBC [Johnson Bros.] received a Cease and Desist from attorneys for Concrete Services patent on the slip-form machine design. JBC [Johnson Bros.] discussed potential delays to the project as a result. JBC [Johnson Bros.] and Qualis have decided to proceed with the slip-forming."

41. With complete disregard of Raptor's intellectual property rights, Defendants knowingly, intentionally and willingly continued to infringe and induce infringement of the Raptor Patents.

42. Johnson Bros. emailed its Subcontractor, Concrete Services, claiming that its Subcontract Agreement with its subcontractor includes an indemnity provision where the subcontractor would have to indemnify Johnson Bros. for claims of patent infringement

43. Qualis Concrete, however, is the subcontractor that is infringing and would be responsible for indemnifying Johnson Bros., under the standard subcontract agreement.

44. As of the date of this Complaint, Defendants have not otherwise provided any response to the infringement claims and demand in the cease-and-desist letter and have continued to engage in their infringing acts.

45. Given the current status of the Turnpike Project, it appears that Defendants are positioned to infringe the '085 Patent if they decide to use slip forming processes to integrate the exposed rebars with additional concrete to form barrier walls or guardrails as they continue with the Turnpike.

46. All conditions precedent to bringing this suit have been met.

## COUNT I
### Direct Patent Infringement of the '068 Patent Against Defendant Qualis Concrete
### 35 U.S.C. §271(a)

47. Plaintiff repeats and realleges Paragraphs 1 to 46, as if fully set forth herein.

48. In violation of 35 U.S.C. §271(a), Qualis Concrete, as the subcontractor in the Turnpike Project, has been and is infringing the '068 Patent within this judicial district by performing each step of the method in at least claim 1 of the '068 Patent.

49. Qualis Concrete was put on formal notice of such infringement on February 5, 2026.

50. The acts of infringement by Qualis Concrete have been, and continue to be, conducted knowingly, intentionally, and willfully.

51. Qualis Concrete's acts of infringement of the '068 Patent have caused, and will continue to cause, Raptor to suffer damages for which Raptor is entitled to compensation pursuant to 35 U.S.C. §284.

52. Qualis Concrete's acts of infringement of the '068 Patent have caused and will continue to cause Plaintiffs immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. §283.

53. Raptor has no adequate remedy at law and is entitled to injunctive relief.

54. This case is exceptional and, therefore, Raptor is entitled to an award of attorneys' fees pursuant to 35 U.S.C. §285.

**COUNT II**
**Active Inducement of Patent Infringement of**
**the '068 Patent Against Defendants Johnson Bros. and Mr. Zuleta**
**35 U.S.C. §271(b)**

55. Plaintiff repeats and realleges Paragraphs 1 to 46, as if fully set forth herein.

56. Defendants Johnson Bros. and Mr. Zuleta continue to induce infringement of the '068 Patent by actively and knowingly communicating, directing, encouraging and instructing the subcontractor, Qualis Concrete, to perform every step of the method in at least claim 1 of the '068 Patent in violation of 35 U.S.C. §271(b).

57. Defendants Johnson Bros. and Mr. Zuleta were put on formal notice of such infringement on February 5, 2026.

58. Defendants Johnson Bros. and Mr. Zuleta knowingly, intentionally, and willfully continue to induce infringement by instructing Qualis Concrete, as the subcontractor in the Turnpike Project, to perform each and every step of the method in at least claim 1 of the '068 Patent.

59. Johnson Bros. and Mr. Zuleta's acts of inducing infringement of the '068 Patent have caused and will continue to cause Raptor to suffer damages for which Raptor is entitled to compensation pursuant to 35 U.S.C. §284.

60. Johnson Bros. and Mr. Zuleta's acts of inducing infringement of the '068 Patent have caused and will continue to cause Raptor immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. §283.

61. Raptor has no adequate remedy at law and is entitled to injunctive relief.

62. This case is exceptional and, therefore, Raptor is entitled to an award of attorneys' fees pursuant to 35 U.S.C. §285.

## COUNT III
### Direct Patent Infringement of the '075 Patent Against Defendant Qualis Concrete
### 35 U.S.C. §271(a)

63. Plaintiff repeats and realleges Paragraphs 1 to 46, as if fully set forth herein.

64. In violation of 35 U.S.C. §271(a), Qualis Concrete, as the subcontractor in the Turnpike Project, has been and is infringing at least claim 15 of the '075 Patent within this judicial district by using Raptor's patented mold and slip form method.

65. Qualis Concrete was put on formal notice of such infringement on February 5, 2026.

66. The acts of infringement by Qualis Concrete have been, and continue to be, conducted knowingly, intentionally, and willfully.

67. Qualis Concrete's acts of infringement of the '075 Patent have caused, and will continue to cause, Raptor to suffer damages for which Raptor is entitled to compensation pursuant to 35 U.S.C. §284.

68. Qualis Concrete's acts of infringement of the '075 Patent have caused and will continue to cause Plaintiffs immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. §283.

69. Raptor has no adequate remedy at law and is entitled to injunctive relief.

70. This case is exceptional and, therefore, Raptor is entitled to an award of attorneys' fees pursuant to 35 U.S.C. §285.

## COUNT IV
### Active Inducement of Patent Infringement of the '075 Patent Against Defendants Johnson Bros. and Mr. Zuleta
### 35 U.S.C. §271(b)

71. Plaintiff repeats and realleges Paragraphs 1 to 46, as if fully set forth herein.

72. Defendants Johnson Bros. and Mr. Zuleta continue to induce infringement of the '075 Patent by actively and knowingly communicating, directing, encouraging and instructing the subcontractor, Qualis Concrete, to infringe at least claim 15 of the '075 Patent within this judicial district by using Raptor's patented mold and slip form method in violation of 35 U.S.C. §271(b).

73. Defendants Johnson Bros. and Mr. Zuleta were put on formal notice of such infringement on February 5, 2026.

74. Defendants Johnson Bros. and Mr. Zuleta knowingly, intentionally, and willfully continue to induce infringement by instructing Qualis Concrete, as the subcontractor in the Turnpike Project, to infringe at least claim 15 of the '075 Patent within this judicial district by using Raptor's patented mold and slip form method.

75. Johnson Bros. and Mr. Zuleta's acts of inducing infringement of the '075 Patent have caused and will continue to cause Raptor to suffer damages for which Raptor is entitled to compensation pursuant to 35 U.S.C. §284.

76. Johnson Bros. and Mr. Zuleta's acts of inducing infringement of the '075 Patent have caused and will continue to cause Raptor immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. §283.

77. Raptor has no adequate remedy at law and is entitled to injunctive relief.

78. This case is exceptional and, therefore, Raptor is entitled to an award of attorneys' fees pursuant to 35 U.S.C. §285.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and award the following relief against Defendants, jointly and severally:

(a) Adjudging that Qualis Concrete has infringed the '068 Patent, in violation of 35 U.S.C. §271(a);

(b) Adjudging that Johnson Bros. has induced infringement of the '068 Patent, in violation of 35 U.S.C. §271(b);

(c) Adjudging that Mr. Zuleta has induced infringement of the '068 Patent, in violation of 35 U.S.C. §271(b);

(d) Adjudging that Qualis Concrete has infringed the '075 Patent, in violation of 35 U.S.C. §271(a);

(e) Adjudging that Johnson Bros. has induced infringement of the '075 Patent, in violation of 35 U.S.C. §271(b);

(f) Adjudging that Mr. Zuleta has induced infringement of the '075 Patent, in

        violation of 35 U.S.C. §271(b);

(g)    Granting an injunction, preliminarily and permanently, enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing the infringement of the Raptor Patents;

(h)    Ordering Defendants, jointly and severally, to account and pay damages adequate to compensate Plaintiffs for Defendants' direct and induced infringement of the Raptor Patents with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. §284;

(i)    Ordering that the damages awarded be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

(j)    Ordering the destruction of any and all molds in Defendants' possession used to infringe the Raptor Patents;

(k)    Declaring this case exceptional and awarding Plaintiffs their reasonable attorneys' fees, pursuant to 35 U.S.C. §285;

(l)    Awarding such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff herein demands a jury determination of all factual matters in dispute between the parties, and on all the issues so triable.

Dated:  February 27, 2026			Respectfully submitted,


/s/ William R. Trueba, Jr.
William R. Trueba, Jr.
Florida Bar No.: 117544
wtrueba@avilalaw.com
Darlene Barron
Florida Bar No.: 108873
dbarron@avilalaw.com

**AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP**
2525 Ponce de Leon Boulevard
Penthouse 12th Floor
Coral Gables, Florida 33134
Telephone: (305) 779-3560

*Attorneys for Plaintiff, Raptor, LLC*